## 12416

### NASH v. OLIVER *ET AL.*

#### (142 S. E., 514)

1. Landlord and Tenant—That Amount of Rent Alleged in Claim and Delivery Was Less Than Stated in Distress Warrant Held Not to Defeat Lien for Rent and Deprive Landlord of Right of Possession Under Warrant (Civ. Code 1922, § 5290).—That sum named in distress warrant to be owing as rent was $50.50 whereas in claim and delivery the amount was alleged to be $35.10, there having been an honest mistake in stating amount of rent in warrant *held* not, under Civ. Code 1922, § 5290, to defeat landlord's lien for rent and thus deprive him of the right of possession of property levied on under the distress warrant, since tenants cannot complain as the reduction was favorable to them.

2. Exemptions—Tenant Cannot Claim Homestead Exemption in Personal Property Against Distress Warrant:—A tenant indebted to his landlord for unpaid rent cannot claim a homestead exemption in personal property against a distress warrant issued by landlord to enforce payment of the rent.

Before Ansel, J., County Court, Greenville, February, 1927. Affirmed.

Action by E. B. Nash against Elijah and Jennie Oliver. From judgment for plaintiff in County Court on appeal from judgment of Magistrate Court for plaintiff, defendants appeal.

*Mr. Plummer C. Cothran,* for appellants, cites: *Lower Court erred in holding that there was a lien:* 26 S. C., 331; 162 Fed., 110. *Right to distrain is restricted to the actual*

*and precise amount due, or there is no lien:* 3 McC., 38; 146 Am. Dec., 585. *At common law cannot levy twice for the same rent:* Ann. Cas., 819, 821. *No law in South Carolina giving a landlord a perfected and prior lien for rent of land or realty not to be used for agricultural purposes:* Sec. 5692, Code. *No lien at common law:* 45 N. E., 414. *No satisfaction of debt allowed without due legal process:* Sec. 5, Art. 1, Const. 1895. *Distress and claim and delivery plain everyday execution process:* 21 S. C., 378; 31 S. E., 994. *Condemns doctrine in* 21 S. C., 243. *Right to waive denied except by formal deed:* Art. 3, Sec. 28, Const., 1895.

*Mr. W. E. Bowen,* for respondent, cites: *Homestead exemption not allowed in property over which landlord claims a lien:* 21 S. C., 243. *Findings of fact by magistrate, concurred in by County Court are not reviewable:* 133 S. E., 823.

March 29, 1928.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action arose in the Court of G. L. Cooley, Esq., magistrate in the County of Greenville, and from the decision in that Court, which was adverse to the defendants, the defendants appealed to the Greenville County Court. The decision in the County Court being adverse to appellants' contention, they have appealed to this Court.

It appears from the transcript of the case that the defendants, Elijah and Jennie Oliver, were tenants of the plaintiff, E. B. Nash, and that a distress warrant, dated September 21, 1926, was issued by the plaintiff as landlord and levied upon certain personal property of the defendants for rent alleged to be due by the defendants to the plaintiff. It is conceded that the distress warrant was in the usual form and duly served by the plaintiff's agent, J. W. Leopard, to whom it was directed, and sufficient personal property of the defendants levied upon to satisfy the plaintiff's claim for rent,

alleged in the distress warrant to be $50.50. Later, presumably for the reason that the plaintiff was unable to get possession of the property in question, the plaintiff, for that purpose, commenced an action in claim and delivery, which was in due form, supported by the required affidavit, order to seize property and summons, together with plaintiff's check in the sum of $70.20 by way of bond, which check appears to have been treated as cash by the parties.

The amount in the claim and delivery action alleged to be owing for rent was $35.10. Simultaneously with the service of the claim and delivery papers, September 28, 1926, the plaintiff caused to be served upon the defendants the following statement:

"State of South Carolina, County of Greenville.

"This is to certify that Elijah and Jennie Oliver are only due $35.10 rent to September 27, 1926, and am only claiming this amount in distress warrant and claim and delivery."
"9–28–26.                    [Signed] E. B. NASH."

The defendants, in their answer, denied owing the amount alleged, but admitted owing some amount less than that claimed by the plaintiff and contended further in their answer that the property in question was exempt because of unlawful levy of the distress warrant and also interposed the plea of claim for homestead.

At the trial in the magistrate's Court, both parties litigant offered testimony, and after hearing and considering the testimony, the magistrate rendered his decision in favor of Nash, the plaintiff, finding that Nash was entitled to the possession of the property or its value, $35.10, the exact amount of rent claimed by Nash in his claim and delivery action. As stated, from the judgment in the Magistrate's Court, the defendants appealed to the County Court of Greenville County, presided over by Hon. M. F. Ansel, judge, who sustained the judgment in the Magistrate's Court and remanded the case to the Magistrate to carry out the

judgment rendered by him. From this judgment of the County Court, the defendants have appealed to this Court. The appellants' exceptions are seven in number, but resolve themselves into two questions, viz.: (1) Did the landlord acquire a lien upon the personal property in question predicated upon the levy of the distress warrant; (2) could the defendants claim a homestead in the property under the Constitution and law of this state?

No question is presented as to the form of the distress warrant nor the manner of service of the same, but appellants contend that the distress was for a greater sum than the amount actually owing and that the respondent thereby acquired no lien and no right to the property in question.

The amount stated in the distress warrant to be owing was $50.50, whereas in the claim and delivery the amount alleged to be owing was $35.10, and a paper stating that the amount claimed in the distress warrant against the tenants was only $35.10 was served simultaneously with the claim and delivery papers. There was testimony offered on behalf of the plaintiff to the effect that the property levied upon under the distress warrant would not bring more than $35.00, and the testimony on behalf of the plaintiff further showed, or tended to show, that there was due and owing by the defendants to the plaintiff for rent the sum of $35.10. The defendants gave no positive testimony as to what amount of rent was owing. They admitted owing some amount, but were unable to make any positive statement on the question and simply offered in evidence a receipt book which they had in their possession. We think the testimony clearly supports the finding by the magistrate on this point, which finding was approved by his Honor, Judge Ansel.

We are unable to agree with appellants' position that the mere fact that the amount stated in the claim and delivery papers to be owing by these tenants was less than the sum named in the distress warrant deprived the landlord of the

statutory lien acquired by means of the levy made under the distress warrant. It is true the distress for rent must be reasonable (see Section 5290, Vol. 3, Code of S. C., 1922), but, in our opinion, an honest mistake in stating the amount of rent owing should not defeat the landlord's lien for rent, and thus deprive him of the right of possession of the property levied upon under the distress warrant when the change in the amount is a reduction and not an increase. The appellants have no right to complain, for this action on the part of the respondents was favorable to the appellants when the amount of rent alleged to be owing was reduced from $50.50 to 35.10.

As we view the facts in the case, the landlord, plaintiff respondent, acquired a lien on the property in question by reason of the levy made under the distress warrant for the amount of rent owing by his tenants, the defendants appellant, which the magistrate found to be $35.10, which finding we think is amply sustained by the evidence and that the plaintiff was entitled to the right of possession of said property.

As to the right of appellants to homestead in the property in question the law on this question is too well settled to require discussion. Mr. Chief Justice Simpson, as the organ of the Court, in the case of *Harley v. Weathersbee,* 21 S. C., 243, gives a clear statement of the law on this question, and, under the authority of that case, which has not been overruled, the defendants appellant were clearly not entitled to a homestead in the property in question.

The appellants' exceptions are overruled and it is the judgment of this Court, that the judgment of the County Court of the County of Greenville be and is hereby affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.